UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAVAGO AMERICAS, LLC | ) | CASE NO.1:18CV2924 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN WARD, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant John Ward's Motion to Dismiss for Lack of an Indispensable Party, or Alternatively, Motion to Transfer Venue. (ECF # 8). For the following reasons, the Court denies Ward's Motion.

On December 19, 2018, Plaintiff Ravago Americas LLC filed its Verified Complaint with the Court. According to the allegations in the Complaint, Ravago is a Delaware limited liability company with its headquarters located in Orlando, Florida. Ravago distributes, resells and compounds plastic and rubber materials from its suppliers. Muehlstein, a division of Ravago since 2006, is a reseller of resin products. As a successor to Muehlstein, Ravago may enforce the provisions of Muehlstein employment agreements.

Ward was an employee of Muehlstein and is a resident of Medina County, Ohio. As

part of his employment, Ward signed a Non-Solicitation and Confidentiality Agreement. Ward was Ravago's Market Manager for the Midwest and West Coast, managing key clients of Ravago. In this position, Ward had access to confidential information of Ravago including: business strategy information, financial information, customer and supply information and pricing strategy.

Ward resigned from Ravago in September of 2018. Three days after resigning from Ravago, Ward joined Vinmar Polymers America, LLC ("VPA") as Business Director. VPA is a direct competitor of Ravago. Prior to resigning from Ravago, Ward removed the original hard drive from his Ravago-issued computer, which contained confidential information of Ravago and replaced it with a different hard drive containing no usable files.

VPA and/or its agents or affiliates have attempted to recruit a number of Ravago employees. Ward has coordinated with other VPA employees to solicit current Ravago employees in violation of his agreement with Ravago.

According to Ravago, this Court has jurisdiction over the suit because the Complaint alleges claims under federal law and supplemental jurisdiction over its state claims. The Complaint also establishes diversity jurisdiction as Ravago and Ward are citizens of different states and the Complaint alleges claims above the federal jurisdictional monetary threshold.

Ravago contends venue is proper in Ohio because Ward resides within this District and substantial portions of the events or omissions occurred in this District.

**Ward's Motion**

According to Ward, the Court should dismiss Ravago's Complaint because it fails to name VPA as a Defendant. According to Ward, VPA is an indispensable party. In the

alternative, Ward asks the Court to transfer the case to the Southern District of Texas where a nearly identical suit is pending against VPA; Ward's employer.

According to Ward, Ravago originally brought suit in Florida against Ward, Kirt Dmytruk and Jeffrey Siebenaller, all former employees of Ravago, and included in the suit as Defendants were VPA, Vinmar International, Ltd. and Premier Polymers, LLC. The suit alleged the above parties conspired to misappropriate Ravago's confidential information. After failing to obtain injunctive relief in Florida, Ravago dismissed the Defendants and subsequently filed separate suits in Connecticut, Ohio and Texas, each alleging the same wrongdoing against Defendants.

Ward argues that VPA, as his employer, is an indispensable party. Because the Court lacks jurisdiction over VPA, dismissal of this action is appropriate. Ravago's Complaint seeks, in part, to restrict Ward's activities with VPA. Because the relief sought would severely restrict Ward's ability to perform his job duties with VPA, Ward argues VPA's presence in the case is indispensable and failure to join it requires dismissal.

Alternatively, Ward asks the Court to transfer this case under 28 U.S.C. § 1404, because of the nearly identical suit there brought by Ravago against VPA. According to Ward, venue is proper in Texas as four of the six defendants reside there and a substantial portion of the events at issue occurred there. Should the Court find Texas lacks jurisdiction over Ward, he waives any dispute over personal jurisdiction.

Ward argues that federal law favors avoiding duplicative suits, therefore, this matter should be transferred to Texas.

**Ravago's Opposition**

According to Ravago, Ward stole a hard drive containing Ravago's confidential information and continues to breach his contractual obligations to Ravago not to solicit its employees or disclose its confidential information to third party competitors. As Ward is an Ohio resident, there is no doubt that jurisdiction and venue are proper in this Court.

Ravago contends Ward fails to establish the elements necessary to demonstrate that VPA is an indispensable party. Ward only asserts that non-party VPA's rights may be affected, not his own. Merely because VPA's rights may be impacted does not warrant dismissal when meaningful relief may be obtained in the absence of VPA.

Furthermore, according to Ravago, VPA was not a signatory to the employment agreement between Ward and Ravago and therefore, it cannot assert any rights affecting Ravago's claims against Ward for breach of the agreement. Ravago's federal causes of action stem from Ward's alleged taking of Ravago's hard drive and VPA has no rights on those claims.

Ravago further points out that Ward has failed to offer any argument that VPA cannot be joined in this suit. Neither can Ward show prejudice if an injunction were issued against him because the injunctive relief Ravago seeks concerns only Ward's use of Ravago's improperly obtained confidential information and the return of Ravago's property.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12 allows for dismissal of a cause of action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party." *Meta v.*

*Target Corp.*, 74 F. Supp. 3d 858, 866 (N.D. Ohio 2015) (quoting *Jam Tire, Inc. v. Harbin*, 3:14CV00489, 2014 WL 4388286, at *4 (N.D.Ohio Sept. 5, 2014)). "Moreover, under Rule 12(b)(7), [defendant] has the burden to show the nature of the unprotected interests of the absent individuals or organizations and the possibility that the court will be disadvantaged by their absence." *Meta*, 74 F. Supp. 3d at 866 (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE VOL. 5A, § 1359 (3d. Ed., West 1997)).

In analyzing whether a non-party is indispensible the Court makes three determinations. *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). First, is the non-party a necessary party under Rule 19(a)? *Id.* Second, will joining the party to the action deny the court subject matter jurisdiction? *Id.* Third, if joinder will deprive the court of subject matter jurisdiction, then for reasons "in equity and in good conscience," should the court dismiss the case because the party is indispensable? *Id.*

"An absentee is deemed necessary to the action 'only if, in his absence, (1) the absentee is likely to be harmed; (2) one of the parties may be subject to multiple or otherwise inconsistent obligations; or (3) complete relief cannot be accorded to the parties.'" *Capital TCP, LLC v. New Horizon Memphis, LLC,* No. 207CV02157JPMDKV, 2009 WL 10665371, at *2 (W.D. Tenn. Sept. 24, 2009) quoting *Bowling Transportation, Inc. v. N.L.R.B.,* 352 F.3d 274, 282 (6th Cir. 2003). "If the court determines that none of the criteria in Rule 19 is satisfied, joinder is unnecessary." *Capital TCP, LLC.,* at *2.

"Generally, federal courts are reluctant to grant motions to dismiss based on non-joinder, and dismissal will be ordered only when the defect cannot be cured and serious

prejudice or inefficiency will result." *Id.* Citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118 (1968).

Rule 19 of the Federal Rules of Civil Procedure reads in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

(1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) ***Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

**(b) When Joinder Is Not Feasible.**

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

>  (2) the extent to which any prejudice could be lessened or avoided by:
>
>  > (A) protective provisions in the judgment;
>  > (B) shaping the relief; or
>  > (C) other measures;
>
>  (3) whether a judgment rendered in the person's absence would be adequate; and
>
>  **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Upon review of the Motion and Opposition, the Court denies Ward's Motion because VPA is not an indispensible party. It is Ward's burden to show that the non-party is indispensible. Non-signatories to contract claims are generally not indispensible parties. See *OneCommand, Inc. v. Beroth,* No. 1:12-CV-471, 2012 WL 3755614, at *2 (S.D. Ohio Aug. 29, 2012), "[i]n general, the indispensable parties in a breach of contract actions are the parties to the contract." Citing *Russian Collections v. Melamid,* No. 2:09cv300, 2009 U.S. Dist. LEXIS 113733, at *18, 2009 WL 4016493 (S.D.Ohio Nov. 18, 2009) (rejecting the argument that a non-signatory to a contract was a necessary party). In *OneCommand*, the Southern District Court held that the competitor employer of a former employee of plaintiff was not an indispensible party. "An employer does not have to include the competitor employer when seeking to enforce restrictive covenants agreed to by its former employee. Employers routinely sue former employees over non-competition violations without adding the competitor employers as defendants." *OneCommand* at *2 citing *Michael's Finer Meats v. Alfery,* 649 F.Supp.2d 748 (S.D.Ohio 2009). The same applies to the facts in this case. VPA is not a signatory to the restrictive covenants between Ravago and Ward. Neither does liability extend to VPA nor is complete relief unavailable in its absence on Ravago's federal

claims as these stem from Ward's alleged misappropriation of Ravago's hard drive. Lastly, the injunctive relief sought against Ward is limited to preventing his use of Ravago's confidential information and ordering him to return Ravago's property.

Ward contends that Ravago's Prayer for Relief specifically seeks to enjoin VPA activities at paragraphs 6 & 8 wherein it reads "Preliminary injunctive relief to prevent Ward's threatened misappropriation under the [DTSA and FUTSA] including restricting Ward's activities with VPA and its related entities to prevent disclosures of the information." Again, this injunctive relief applies only to Ward's activities arising from his agreement not to disclose Ravago confidential information. Such relief may be obtained by Ravago and fashioned by the Court so as to afford complete relief to the parties while imposing no restrictions on VPA.

For these reasons, the Court finds VPA is not an indispensible party. Therefore, the Court denies Ward's Motion to Dismiss.

**Transfer Venue**

In the alternative, Ward asks the Court to transfer the case pursuant to 28 U.S.C. § 1404, to the Southern District of Texas where Ravago has brought suit against VPA on claims arising from the same set of facts as those before the Court.

28 U.S.C. §1404(a) reads:

> for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"A district court possesses broad discretion in deciding whether to transfer venue, and the party seeking a transfer under § 1404(a) bears the burden of demonstrating by a

preponderance of the evidence that transfer to another district is warranted." *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.,* 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010).

There is no dispute that venue is proper in this Court as Ward resides within this District. However, § 1404 permits transfer if, for the convenience of the parties and witnesses the case should be sent to another district where the claims may have been brought. A cursory review indicates that the claims brought in this district could not have been brought in Texas as that Court's personal jurisdiction over Ward appears suspect at best. However, Ward agrees to waive any arguments against personal jurisdiction in order to facilitate transfer.

On a motion to transfer venue under § 1404 courts must consider the following factors: "(1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute." *Id.* at 992. "In considering whether to transfer venue, courts generally accord great respect to the plaintiff's choice of forum." *Id.* Citing *Smith v. Kyphon, Inc.,* 578 F.Supp.2d 954, 962 (M.D.Tenn.2008) ("A plaintiff's choice of forum is usually entitled to 'substantial consideration' in balancing the § 1404(a) factors.")

Here, Ravago's choice of Ohio favors denying transfer as the Court has already determined that Ward resides within the District and Ravago has chosen this forum to adjudicate its claims.

Ward has submitted no evidence that the majority of witnesses in this case are located in Texas. Issues concerning his employment agreement and alleged misappropriation of

9

Ravago's hard drive will be largely limited to the parties themselves.  Thus, in the absence of evidence of the location and number of witnesses on the claims asserted in this case, Ward has not met his burden and this factor weighs in favor of venue in this District.

Residence of the parties favors venue in Ohio as Ward resides here and Ravago is located in Florida.  Thus, no party resides in Texas.

Ravago alleges the sources of proof and the location of events giving rise to the dispute favors Ohio based on Ward's residence and purported activities here.  Ward has not provided evidence to the contrary and the Court is obligated to construe the allegations in Ravago's favor.  Thus, these factors favor venue in Ohio.

Therefore, for the foregoing reasons, the Court denies Ward's Motion to Dismiss and denies in the alternative his Motion to Transfer Venue.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  February 11, 2019